## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **LARRY M. BEVIL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Civil Action No. CV-08-S-1846-NE** |
| **CITY OF HUNTSVILLE,** | ) | |
| **ALABAMA,** *et al.,* | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the court on the motion to dismiss by defendant City of Huntsville, Alabama, filed pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] As grounds, the City of Huntsville argues that plaintiff's claims against it for violation of his rights under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq*., (commonly known as the Federal Wiretapping Act) are due to be dismissed because the Act does not apply to municipalities.

## I.  STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint contain a "'short and plain statement of the claim' that will give the defendant fair notice of

---

[1] *See* doc. no. 38.

what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007) (citations omitted). These factual allegations need not be detailed, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 545 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986), and *Sanjuan v. American Board of Psychiatry and Neruology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994)) (bracketed alteration in *Twombly*). Thus, even though notice pleading may not require that the pleader allege a "specific fact" to cover every element, or allege "with precision" each element of a claim, the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).

When ruling upon a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also, e.g.,*

*Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).  Viewed in this manner, the factual allegations of the complaint "must be enough to raise a right to relief above the speculative level . . . ."  *Twombly,* 550 U.S. at 545 (citations omitted). Stated differently, the plaintiffs must plead facts sufficient to "nudge[] [their] claims across the line from conceivable to plausible . . . ."  *Id.* at 547.

## II.  ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Plaintiff worked for the City of Huntsville as the "Landscape Management Superintendent," and this action arises, in part, from his allegations that the City of Huntsville conducted audio and video surveillance of his office from June 2006 to October 2006.[2]  Plaintiff seeks a judgment declaring that the surveillance policies and practices of the City of Huntsville violated the Federal Wiretapping Act.[3] Pursuant to the civil remedies provision of the Federal Wiretapping Act, 18 U.S.C. § 2520, plaintiff also seeks a judgment against the City of Huntsville for compensatory and punitive damages.[4]

---

[2] *See* doc. no. 35 (Second amended complaint), ¶¶ 13, 19.

[3] *Id.*, ¶¶ 49-54.

[4] *Id.*

### III.  DISCUSSION

The Federal Wiretapping Act creates civil liability for the intentional interception of wire, oral, or electronic communications.  *See* 18 U.S.C. §§ 2511, 2520.  Originally, the civil remedy provision of the Act, in part, provided:  "Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall (1) have a civil cause of action against any *person* who intercepts, discloses, or uses or procures any other person to intercept, disclose, or use such communications . . . ."  18 U.S.C. § 2520, *Historical and Statutory Notes* (emphasis supplied).  Congress amended § 2520 in 1986 to provide that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person *or entity* which engaged in that violation such relief as may be appropriate."  18 U.S.C. § 2520 (emphasis supplied).  Then in 2001, as part of the USA PATRIOT Act, Pub. L. 107-56, § 1004, 115 Stat. 392, Congress again amended § 2520 to preclude the United States from civil liability under the Act.  Thus, the Act now provides that a complaintant may recover "from the person or entity, *other than the United States*, which engaged in that violation."  18 U.S.C. § 2520 (emphasis supplied).

The Eleventh Circuit has not addressed the issue of whether governmental entities, other than the United States, may be held liable for civil damages under § 2520 and a split of authority on this issue exists among other circuits of appeal as wells as district courts within this circuit.  The Seventh Circuit has held that municipalities are not subject to liability under the Federal Wiretapping Act, *see Abbott v. Vill. of Winthrop Harbor*, 205 F.3d 976 (7th Cir. 2000), while the Sixth Circuit has reached the opposite conclusion.  *See Adams v. City of Battle Creek*, 250 F.3d 980 (6th Cir. 2001).  The United States District Court for the Middle District of Georgia followed the Seventh Circuit's decision in *Abbott*, *see Anderson v. City of Columbus*, 374 F. Supp. 2d 1240 (M.D. Ga. 2005), however, a majority of federal courts across the country have concluded that governmental entities are subject to liability under the Federal Wiretapping Act.  *See Garza v. Bexar Metropolitan Water Dist.*, No. SA-08-CA-839-OG, 2009 WL 563222, at *3 (W.D. Tex. Mar. 4, 2009); *Williams v. City of Tulsa*, 393 F. Supp. 2d 1124, 1132-33 (N.D. Okla. 2005); *Conner v. Tate*, 130 F. Supp. 2d 1370, 1374-75 (N.D. Ga. 2001); *Dorris v. Absher*, 959 F. Supp. 813, 820 (M.D. Tenn. 1997), *aff'd in part, rev'd in part on other grounds*, 179 F.3d 420 (6th Cir. 1999); *PBA Local No. 38 v. Woodbridge Police Dept.*, 832 F. Supp. 808, 822-23 (D.N.J. 1993); *Bodunde v. Parizek*, No. 93-C-1464, 1993 WL 189941, at *3-4 (N.D. Ill. May 28, 1993).

In *Adams*, the Sixth Circuit concluded that the amendment to § 2520 in 1986 to add the words "or entity" could "only mean a governmental entity because prior to the 1986 amendments, the definition of 'person' already included business entities." *Adams*, 250 F.3d at 985.  *See* 18 U.S.C. § 2510(6) (defining the term "person" as "any employee, or agent of the United States or any State or political subdivision thereof, and any individual, partnership, association, joint stock company, trust or corporation.").  The Court explained that "[i]n order for the term not to be superfluous, the term 'entity' necessarily means governmental entities." *Id*.  The Court supported this conclusion by noting that at the same time Congress added the words "or entity" to § 2520, it added those terms to 18 U.S.C. § 2707(a) — a parallel section for liability in the Stored Communications Act, 18 U.S.C. § 2701, *et seq.*, — and that the Senate Committee Report summarizing § 2707 specifically stated that the word "entity" was meant to include governmental entities.  *Id.*  (citing S. Rep. No. 541, 99th Cong., 2d Sess. 43 (1986), *reprinted in* 1986 U.S.C.C.A.N. 3555, 3597).

Since the Sixth Circuit's ruling in *Adams*, the United States District Court for the Northern District of Oklahoma noted that "Congress' subsequent amendment in 2001 to exclude the United States from entities that could be liable evidences a Congressional understanding that the 1986 amendment created

governmental liability." *Williams*, 393 F. Supp. 2d at 1132-33. *See also Garza*, No. SA-08-CA-839-OG, 2009 WL 563222, at *3 ("There would have been no reason for Congress to carve out an exception for the United States if governmental entities could not be sued under the statute.").

Prior to the Sixth Circuit's decision in *Adams*, the Seventh Circuit reached a contrary conclusion in *Abbott*, holding that the addition of the term "entity" in § 2520 does not demonstrate Congressional intent to extend liability to governmental entities. *Abbott*, 205 F.3d 980-81. That Court noted a lack of legislative history on the reason to addition of the word "entity" to § 2520 and refused to extend liability to municipalities. *Id.* at 980. The Seventh Circuit adopted the reasoning in *Amati v. City of Woodstock*, 829 F. Supp. 998, 1003 (N.D. Ill. 1993), which stated that "'[i]t is unreasonable to conclude that Congress intended to subject an entire class of defendants to potential liability without any expression of that intent in the legislative commentary.'" *Id.*

This court finds the reasoning of *Adams*, and the majority of other federal cases that agree with its conclusion, more persuasive. Sufficient ambiguity in § 2520 warrants consideration of the legislative history, which indicates that Congress added the word "entity" to § 2520 in 1986 for the purpose of extending liability beyond individuals and business entities to *governmental* entities. The

amendment in 2001 to expressly exclude the United States from entities that could be liable further evidences Congressional intent that governmental entities are subject to liability under § 2520.   Accordingly, I conclude that the City of Huntsville is amenable to suit under the Federal Wiretapping Act.

### IV.  CONCLUSION

Based on the foregoing, the motion to dismiss is DENIED.   Plaintiff's claims against the City of Huntsville alleging violations of 18 U.S.C. § 2520 remain.

DONE this 9th day of June, 2009.

United States District Judge
Sitting by designation